UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAVIN SIEGFRIED, individually, and on behalf of all other similarly situated consumers,<br>        Plaintiff,<br>vs.<br>ROMAN HEALTH VENTURES INC.,<br>        Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT |

Plaintiff alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's unlawful wiretapping of Plaintiff's communications without consent or notice, in violation of the Federal Wiretap Act, 18 U.S.C. §2510 *et seq.* (the "Wiretap Act") and Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA" or "Act").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1191(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Laporte, Pennsylvania.

5. Defendant Roman Health Ventures, Inc. ("Roman") has as its principal place of business 116 W. 23rd Street, 4th Floor, New York, NY 10011.

## BACKGROUND

6. The Federal Legislature passed the Federal Wiretap Act, 18 U.S.C. §2510 *et seq.* (the "Wiretap Act") to protect the privacy of the people of the United States. The Wiretap Act is very clear in its prohibition against intentional unauthorized taping or interception of any wire, oral, or electronic communication.

7. Nonetheless, it has become common practice for retail websites to wiretap the communications of its customers while browsing their websites.

8. The purpose of the wiretap is to track consumer data to increase profitability.

9. Defendant has been intercepting, capturing, and observing its customers' individual online activities. This allows Defendant to record and playback consumer's individual browsing sessions. The product utilized goes so far as to allow Defendant to view the interactions of consumers in real time. This type of technology has come to be known as "session replay software."

10. Through this wiretapping technology, Defendant has stored data as minute as mouse movements around the screen, the length of time spent hovering, the key words searched, and separate products or services that were of interest to its customers.

11. There have been numerous articles addressing the unknown reality of these types of technologies:

    a. The Dark Side of 'Replay Sessions' That Record Your Every Move Online, located at https://www.wired.com/story/the-dark-side-of-replay-sessions-that-record-your-every-move-online/ (last visited Mar. 16, 2021);

    b. Session-Replay Scripts Disrupt Online Privacy in a Big Way, located at https://www.techrepublic.com/article/session-replay-scripts-are-disrupting-online-privacy-in-a-big-way/ (last visited Mar. 16, 2021); and

    c. Are Session Recording Tools a Risk to Internet Privacy?, located at https://mopinion.com/are-session-recording-tools-a-risk-to-internet-privacy/ (last visited Mar. 16, 2021).

## FACTUAL STATEMENT

12. Defendant owns and operates www.ro.co.

13. Roman is engaged in the business of selling medical products direct to consumers.

14. Defendant employs recording technologies on its website.

15. Defendant also has embedded the Facebook Pixel into its computer code.

16. Defendant has been monitoring and recording what Plaintiff has been viewing on its website without Plaintiff's permission.

17. Defendant has also been forwarding this information to third parties without consent.

18. Throughout Plaintiff's activities on the site, Defendant was communicating with him concerning the items requesting to be viewed.

19. Plaintiff reasonably believed that he was interacting privately with Defendant's website, and not that he was being recorded and that those recordings could later be watched by Defendant's employees, or worse yet, live while Plaintiff was on the website.

20. Throughout this time, Defendant has itself, or through third parties been conducting these wiretaps.

21. Defendant did not provide any notice to Plaintiff that it was wiretapping Plaintiff.

22. The wiretap's only purpose was to learn from Plaintiff's customer information to increase profitability. It was not necessary for the products offered by Defendant.

23. The information wiretapped revealed personal and sensitive information concerning Plaintiff's purchasing preferences and internet activity.

## CLASS ACTION ALLEGATIONS

3

## The Class

24. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated who have subscribed to Roman the Defendant which, as alleged herein, are in violation of state and federal wiretapping laws. Plaintiff seeks to represent a class for purposes of liquidated and punitive damages only. Plaintiff does not seek actual damages for the class.

25. Plaintiff seeks certification of the following classes, initially defined as follows:

   National Class: (a) all consumers within the United States; (b) for whom Defendant acquired electronic communication through the use of electronic means; (c) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

   Pennsylvania Class: (a) all consumers with a Pennsylvania address; (b) for whom Defendant acquired electronic communication through the use of electronic means; (c) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

26. Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

## Numerosity

27. Upon information and belief, Defendant has wiretapped hundreds of consumers throughout the Commonwealth of Pennsylvania alone.. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

28. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**Common Questions of Law and Fact**

29. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant illegally wiretapped Class Members; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

30. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

**Protecting the Interests of the Class Members**

31. Plaintiff will fairly and adequately represent the Class Members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

32. Neither the Plaintiff nor counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

33. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted..

34. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

35. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

36. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said wiretaps are illegal of consumer privacy laws is tantamount to declaratory relief and any monetary relief would be merely incidental to that determination.

37. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

39. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

40. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages,

thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of their ill-gotten gains.

41. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### Violation of the Wiretap Act
### 18 U.S.C. § 2511, *et seq*.

42. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

43. Defendant has intentionally acquired the contents of Plaintiff's electronic communications using electronic software.

44. Plaintiff never consented to be wiretapped by Defendant and never knew that Defendant was wiretapping his activities and communications.

45. Defendant provided this information to third parties.

46. Alternatively, Defendant provided third parties with access to the data.

## COUNT II
### Violation of the Wiretapping and Electronic Surveillance Control Act
### 18 Pa. Cons. Stat. 5701, *et seq*.

47. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

48. Defendant has intentionally acquired the contents of Plaintiff's electronic communications using electronic software.

49. Plaintiff never consented to be wiretapped by Defendant and never knew that Defendant was wiretapping his activities and communications.

50. Defendant provided this information to third parties.

51. Alternatively, Defendant provided third parties with access to the data.

WHEREFORE, Plaintiff, Gavin Siegfried, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a. Enter an Order declaring Defendant's actions, as described above, in violation of the WESCA and the Wiretap Act;

    b. Enter an Order for injunctive relief prohibiting such conduct in the future;

    c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

    d. Enter a judgment against Defendant for statutory damages;

    e. Award costs and reasonable attorneys' fees); and

    f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

52. Plaintiff demands a jury trial on all issues so triable.

Dated: February 1st, 2023

Respectfully Submitted,

/s/ *Daniel Zemel*
Daniel Zemel, Esq.
ZEMEL LAW, LLC
660 Broadway
Paterson, NJ 07514
Phone: (862) 227-3106
Fax: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff